*1095 OPINION.
MilliKEN :
The respondent disallowed the losses claimed to have resulted from the sale of the stock of the Bee Tree Lumber Co. and the Basic Refractories Co., for the reason that he did not consider the sales to be actual and bona fide. Petitioner testified that he made an actual sale of his shares of stock in the Bee Tree Lumber Co. to his brother and secretary, in the year 1920, that title to the stock passed to the purchasers, and payment was received from them in the year 1920 for the stock so sold. He also testified that no understanding or agreement existed between the seller and the buyer concerning the repurchase of the stock. On the evidence presented, the sale of the stock of the Bee Tree Lumber Co. was an actual and a bona fide sale, and petitioner is entitled to the loss claimed for the year 1920. We are unable, from the evidence, to determine the cost, date of sale, or amount of stock sold, relative to the loss claimed to have resulted from the sale of the capital stock of the Basic Refractories Co., and accordingly, the determination of the respondent is approved.
The petitioner seeks to take a deduction of the interest which he paid for the Bee Tree Lumber Co. We are unable to determine, from the evidence, the year of payment, but in any event the deduction claimed merely represents the obligation of the corporation, which petitioner paid for it and against whom he had the right to look for repayment. The respondent did not err in his failure to allow the interest deduction claimed.
Judgment will be entered on 15 days’ notice, under Rule 50.
Considered by Makqtjette, Phillips, and Van Fossan.